UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE RAMON WASHINGTON,<br><br>Defendant. | No. 2:18-cr-00061 JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Andre Ramon Washington, a prisoner serving his sentence at Federal Correctional Institution, Lompoc (FCI Lompoc), filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. for Compassionate Release ("Mot."), ECF No. 79. Washington has contracted and recovered from COVID-19 once. Id.; Opp'n at 1, ECF No. 81. He argues his health conditions nonetheless make him likely to become infected again and suffer life-threatening symptoms. Mot at 3-4. Given the COVID-19 outbreak at FCI Lompoc, Washington requests the Court allow him to serve the remainder of his sentence in home confinement. Id. at 4. The Government opposes the request, arguing Washington failed to exhaust his administrative remedies and that Washington remains a danger to the public. Opp'n at 13,

1

18-20.

In response to the Government's opposition, Washington requested appointment of counsel, ECF No. 88.  The Court contacted the Office of the Federal Defender.  David Harshaw, an attorney with the Federal Defender's Capital Habeas Unit then contacted Washington.  At Washington's request, Harshaw filed three exhibits in support of Washington's reply brief.  See Exhibits to Reply, ECF No. 89.  Washington, however, elected to file his own brief.  Reply, ECF No. 90.  Having carefully considered the parties' arguments, the Court denies Washington's motion for compassionate release.  The Court also denies Washington's motion for appointment of counsel as moot.

## I.   BACKGROUND

In 2019, Washington pled guilty to one count of possession with intent to distribute at least 50 grams of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1).  See Plea Agreement, ECF No. 39.  The Court sentenced Washington to a 120-month term of imprisonment, followed by 60 months of supervised release.  See Oct. 22, 2019 Mins., ECF No. 63.  Washington's expected release date is September 21, 2026.  See Andre Ramon Washington, BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed July 10, 2020).

Over the past several months, the novel coronavirus known as COVID-19 has made its way into and throughout the federal prisons.  As of July 13, 2020, over 8,000 federal inmates across the country have tested positively for COVID-19; 94 have died. See COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS,

http://www.bop.gov/coronavirus (last accessed July 10, 2020). CDC research reveals that individuals "of any age" with type 2 diabetes and high blood pressure are among those at a high risk for contracting COVID-19 and suffering complications. See Coronavirus Disease 2019 (COVID-19), CENTER FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 10, 2020). Washington suffers from both health conditions, along with high cholesterol and arthritis. See PSR ¶ 62, ECF No. 57.

## II.   OPINION

### A.   Legal Standard

Generally, a court may "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824-25 (2010). However, the First Step Act (FSA) amended 18 U.S.C. Section 3582 to grant federal courts sentence-modification authority in specific circumstances. 18 U.S.C. § 3582(c)(1)(A). A district court may modify the term of imprisonment if (1) the modification would not undermine the sentencing factors set forth in Section 3553(a), and (2) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the initial burden of putting forth evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

### B.   Analysis

#### 1.   Exhaustion Requirement

Before deciding whether extraordinary and compelling

1 circumstances exist, a court must determine whether a federal
2 inmate requesting relief has exhausted his administrative
3 remedies.  See 18 U.S.C. § 3582(c).  To satisfy this exhaustion
4 requirement, a defendant must submit a request for release with
5 the BOP and, then, either: (1) administratively appeal an
6 adverse result or (2) wait for thirty (30) days to pass.  Id.
7 Only then may a defendant, or the Director of the BOP, file a
8 motion for modification.  18 U.S.C. § 3582(c)(1)(A).

9    The government argues Washington failed to exhaust his
10 administrative remedies because the BOP lacks any record of
11 Washington's request for release.  Opp'n at 13.  In response,
12 Washington produced a copy of his request, Ex. A to Reply, ECF
13 No. 89-1, leaving the Court to—once again—question the
14 reliability of BOP's recordkeeping.  See also United States v.
15 Richardson, No. 2:17-cr-00048-JAM, 2020 WL 3402410, at *2 (E.D.
16 Cal. June 16, 2020); United States v. Levario, No. 2:12-cr-
17 00399-JAM, 2020 WL 3256918, at *2 (E.D. Cal. June 16, 2020).

18    The Court finds Washington submitted the necessary request
19 for release to the warden on April 15, 2020.  Washington then
20 waited 30 days before filing this motion.  He therefore
21 satisfied section 3582(c)'s exhaustion requirement.

22        2.   Extraordinary and Compelling Circumstance
23    Upon satisfying the exhaustion requirement, a defendant
24 must demonstrate that "extraordinary and compelling reasons
25 warrant" a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The
26 reduction must be "consistent with applicable policy statements
27 issued by the Sentencing Commission."  Id.  Other than
28 clarifying that "[r]ehabilitation of the defendant alone" is

4

1  insufficient, 28 U.S.C. § 994(t), Congress has largely left
2  "extraordinary and compelling reasons" undefined.  Instead, it
3  delegated that task to the Sentencing Commission.  Id.  Before
4  Congress passed the FSA, the Commission concluded "extraordinary
5  and compelling reasons" must fall into one of four categories:
6  (1) the medical condition of the defendant, (2) the age of the
7  defendant, (3) family circumstances, and (4) "other."  U.S.S.G.
8  § 1B1.13.

9  A defendant's medical condition may be sufficiently
10 "extraordinary and compelling" if the defendant is suffering
11 from "a serious physical or medical condition," "a serious
12 functional or cognitive impairment," or is "experiencing
13 deteriorating physical or mental health because of the aging
14 process," which "substantially diminishes the ability of the
15 defendant to provide self-care within the environment of a
16 correctional facility and from which he or she is not expected
17 to recover." See U.S.S.G § 1B1.13(1)(A) & cmt. 1.  Washington
18 has formal diagnoses for type 2 diabetes, high blood pressure,
19 high cholesterol, and arthritis.  PSR ¶ 62.  He also reports
20 suffering from asthma.  Mot. at 3.

21 The Government concedes that, at minimum, Washington's
22 diabetes "is a serious, chronic health condition that is
23 potentially qualifying under the policy statement in light of
24 the risk of infection of COVID-19."  Opp'n at 17.  This Court
25 goes a step further, finding that Washington's health
26 conditions—particularly within the context of FCI Lompoc—present
27 extraordinary and compelling reasons for modifying his sentence.
28 See United States v. Head, No. 2:08-cr-00093, 2020 WL 3180149,

at *5 (collecting cases that detail the conditions at FCI Lompoc). In doing so, the Court agrees with Washington that his prior run-in with, and recovery from, COVID-19 does not extinguish the threat of future infection. See Mot. at 3-4; Reply at 3. To the contrary, "[a]t least one inmate officially list[ed] by the BOP as having 'recovered' from COVID-19 died soon thereafter." Reply at 3 (citing B. Wolford, Inmate who 'recovered' from coronavirus dies in California prison, officials say, THE SACRAMENTO BEE, available at https://www.sacbee.com/news/coronavirus/article243076476.html).

The Court nonetheless denies Washington's motion because releasing Washington to home confinement would not be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The relevant policy statement proscribes sentence modification if the Court finds a defendant remains "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13, cmt. 4; see also United States v. Gotti, 433 F. Supp. 3d 613, 620 (S.D.N.Y. 2020) (denying motion for compassionate release because the defendant remained a danger to the community). As the Government argues, this Court convicted Washington of an offense that carries a statutory presumption of dangerousness. 18 U.S.C. § 3142(e)(3)(A). The circumstances surrounding Washington's conviction only bolster that presumption. See Opp'n at 19. Prior to his arrest, Washington distributed "pounds of cocaine and crystal methamphetamine." PSR ¶ 5. Washington kept large quantities of drugs at his residence, "convert[ing] the cocaine into crack cocaine in his kitchen."

Id.  He stored the drugs throughout the house, including in his 17-year-old son's bedroom.  PSR ¶ 9.  Worse still, Washington stored firearms and ammunition throughout the home.  Id.

Washington's recidivist tendencies and prior gang affiliation only magnify the potential dangers of early release.  See PSR ¶¶ 36-41, 61.  As does the reality that Washington has served less than a quarter of his 120-month sentence.

The Court cannot ignore the potential danger Washington would pose to the community if released into home confinement at this point. His motion must be denied.

### III.   ORDER

For the reasons set forth above, the Court DENIES Washington's motion for compassionate release.  The Court also DENIES Washington's motion for appointment of counsel as MOOT.

IT IS SO ORDERED.

Dated:  July 17, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE